UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LARRY VICKERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00566-JPH-MJD |
| | ) | |
| WEXFORD MEDICAL SOURCE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING THE COMPLAINT,**
**DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL,**
**AND DENYING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Larry Vickery, an inmate at Putnamville Correctional Facility ("PCF"), brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs. Because Mr. Vickery is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I.**
**SCREENING ORDER**

**A.  Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

### B.  The Complaint

The complaint names the following defendants: Wexford Medical Source ("Wexford"), Dr. Perez, Dr. Mitcheff, Nurse Carey, Nurse Smoothery, Nurse Kerrigan M. Feider, Nurse Pierce, Nurse Carrie McGarr, Nurse Cheryl Petty, Nurse Taylor Forquer, John Doe Wexford Employees, Jane Doe Wexford Employees, Superintendent Brian Smith, Commissioner Carter, and Wexford Employees. Mr. Vickery is seeking compensatory and punitive damages and declaratory and injunctive relief.

Mr. Vickery has diabetes. He receives insulin injections to treat this condition. He requires a type of insulin called Lantus because other types of insulin are ineffective and cause him to suffer allergic reactions. Upon his arrival at the Reception Diagnostic Center, and later at PCF, medical staff discontinued his Lantus prescription due to cost. The alternative insulin he received caused him to suffer allergic reactions including a rash, throat swelling, muscle pain, muscle spasms, blood and ketones in the urine, a toe infection, internal ocular bleeding, kidney stones, and calcification of the vas deferens.

Several Wexford employees failed to reinstate Mr. Vickery's Lantus prescription despite his complaints, including Dr. Perez, Nurse Smoothery, Nurse Feider, Nurse Pierce, Nurse McGarr, Nurse Petty, and Nurse Forquer. Superintendent Smith and Commissioner Carter learned about the problem when Mr. Vickery submitted grievances but did not intervene. His Lantus prescription was eventually reinstated after his family contacted Commissioner Carter about the issue.

2

### C. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted).

Based on the screening standards set forth above, Mr. Crawford's Eighth Amendment deliberate indifference claims **shall proceed** against Dr. Perez, Nurse Smoothery, Nurse Feider, Nurse Pierce, Nurse McGarr, Nurse Petty, Nurse Forquer, Superintendent Smith, and Commissioner Carter.

Claims against all other defendants are **dismissed**. The complaint does not allege that Mr. Vickery suffered a constitutional violation as the result of a Wexford policy or widespread custom. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (To be liable under § 1983, private corporations acting under color of state law must have an express policy or custom that resulted in a constitutional deprivation.). The complaint does not indicate that Dr. Mitcheff or Nurse Carey were personally involved in acts or omissions that caused Mr. Vickery to suffer a constitutional violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation."). And bringing suit against unnamed defendants in federal court is generally disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir.

1997) ("[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted)).

This summary of claims includes all the viable claims identified by the Court. If Mr. Vickery believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through January 8, 2021**, to identify those claims.

## II.
## MOTION FOR COUNSEL

Mr. Vickery's motion for counsel is denied as premature. The Seventh Circuit has held that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (deciding whether to recruit counsel requires the court to consider "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). While that statement from *Kadamovas* is not a "bright-line rule[ ]," in this case Mr. Vickery has not shown a need for counsel to assist him in amending his complaint, or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971-72 (7th Cir. 2019). Mr. Vickery may renew his motion for counsel as this case proceeds.

## III.
## MOTION FOR PRELIMINARY INJUNCTION

Mr. Vickery has also filed a motion for a preliminary injunction requiring the defendants to arrange for a podiatrist outside the facility to examine the infection in his toe. Until the defendants have been served and appear in this action, the Court lacks personal jurisdiction over them and any request for preliminary injunction is premature. "An injunction, like any enforcement

4

action, may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) (internal quotation omitted). Accordingly, the motion for a preliminary injunction is **denied without prejudice**. Mr. Vickery may renew his motion for a preliminary injunction after the defendants file an appearance.

## IV.
## SUMMARY AND SERVICE OF PROCESS

Mr. Vickery's Eighth Amendment deliberate indifference claim **shall proceed** against Dr. Perez, Nurse Smoothery, Nurse Kerrigan M. Feider, Nurse Pierce, Nurse Carrie J. McGarr, Nurse Cheryl Petty, Nurse Taylor Forquer, Superintendent Brian Smith, and Commissioner Carter in their individual capacities. All other claims are **dismissed**. The **clerk is directed** to terminate Wexford Medical Source, Dr. Mitcheff, Nurse Carey, John Doe, Jane Doe, and "Wexford Employees" as defendants on the docket.

The motion for assistance recruiting counsel, dkt. [3], and motion for preliminary injunction, dkt. [7], are **denied without prejudice**. The **clerk is directed** to send Mr. Vickery a copy of the Court's motion for assistance recruiting counsel form. Mr. Vickery should use this form if he chooses to renew his motion for assistance recruiting counsel.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Dr. Perez, Nurse Smoothery, Nurse Kerrigan M. Feider, Nurse Pierce, Nurse Carrie J. McGarr, Nurse Cheryl Petty, Nurse Taylor Forquer, Superintendent Brian Smith, and Commissioner Carter in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

Because some of the defendants are identified as employees of Wexford of Indiana, LLC, the **clerk is directed** to serve Wexford electronically. If any of these defendants do not waive service, Wexford is **ORDERED** to provide the defendant's full name and last known address if it has such information. This information may be provided to the Court informally or may be filed *ex parte*.

**SO ORDERED.**

Date: 12/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LARRY VICKERY
251617
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

DR. PEREZ
Medical Staff
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

NURSE SMOOTHERY
Medical Staff
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

KERRIGAN M. FEIDER
Medical Staff
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

NURSE PIERCE
Medical Staff
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

CARRIE J. MCGARR
Medical Staff
Putnamville Correctional
Facility 1946 West U.S. Hwy 40
Greencastle, IN 46135

CHERYL PETTY
Medical Staff
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

TAYLOR FORQUER
Medical Staff
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronic Service to Wexford of Indiana, LLC

Electronic Service to the following IDOC Employees:

> Commissioner Carter
> Superintendent Brian Smith – Putnamville Correctional Facility