UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LARRY VICKERY,            ) | |
|                       Plaintiff,   ) | |
|        v.                   ) | No. 2:20-cv-00566-JPH-MJD |
| PEREZ, et al.                ) | |
|                       Defendants.  ) | |

**ORDER SCREENING THE AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Larry Vickery, an inmate at Putnamville Correctional Facility ("PCF"), brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs. Because Mr. Vickery is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE AMENDED COMPLAINT

The amended complaint names the following defendants: Wexford of Indiana, LLC ("Wexford"), Dr. Perez, Dr. Mitcheff, Nurse Smoothery, Nurse Kerrigan, M. Feider, Nurse Pierce, Nurse Carrie McGarr, Nurse Cheryl Petty, Nurse Taylor Forquer, Nurse Jamie Gibbens, Mike Smith, Superintendent Brian Smith, and Commissioner Carter. Dkt. 36. Mr. Vickery is seeking compensatory and punitive damages and declaratory and injunctive relief.

Mr. Vickery has diabetes. He receives insulin injections to treat this condition. He requires a type of insulin called Lantus because other types of insulin are ineffective and cause him to suffer allergic reactions. Upon his arrival at the Reception Diagnostic Center, and later at PCF, medical staff discontinued his Lantus prescription due to cost. The alternative insulin he received caused him to suffer allergic reactions including a rash, throat swelling, muscle pain, muscle spasms, blood and ketones in the urine, a toe infection, internal ocular bleeding, kidney stones, and calcification of the vas deferens.

Liberally construed, the amended complaint alleges that Dr. Mitcheff was the final decisionmaker on issues of medication approval for Wexford, and he allegedly denied Mr. Vickery's Lantus prescription, even though he knew Mr. Vickery was allergic to other forms of insulin and that other forms of insulin were ineffective at managing his diabetes. Other Wexford employees allegedly failed to reinstate Mr. Vickery's Lantus prescription despite his complaints, including Dr. Perez, Nurse Smoothery, Nurse Feider, Nurse Pierce, Nurse McGarr, Nurse Petty, Nurse Forquer, and Nurse Gibbens. Superintendent Smith, Commissioner Carter, and Mike Smith

allegedly learned about the problem but did not immediately intervene. Mr. Vickery's Lantus prescription was eventually reinstated after his family contacted Commissioner Carter directly.

### III.
### DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted).

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

A private company acting under color of state law has the same liability under § 1983 as a local or municipal government. *See Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016). Thus, a private company acting under color of state law may be liable when an individual with final policy-making authority on the subject in question made a decision that caused the plaintiff to suffer a constitutional deprivation. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674 (2009).

Based on the screening standards set forth above, Mr. Vickery's Eighth Amendment deliberate indifference claims **shall proceed** against Dr. Mitcheff, Dr. Perez, Nurse Smoothery, Nurse Feider, Nurse Pierce, Nurse McGarr, Nurse Petty, Nurse Forquer, Nurse Gibbens, Superintendent Smith, Commissioner Carter, and Mike Smith in their individual capacities. His

Eighth Amendment deliberate indifference claim **shall proceed** against Wexford on the theory that Mr. Vickery suffered a constitutional deprivation as the result of Dr. Mitcheff's decision in his role as Wexford's final policymaker on the issue of medication approval.

## IV.
## SUMMARY AND SERVICE OF PROCESS

Mr. Vickery's Eighth Amendment deliberate indifference claims **shall proceed** against Wexford of Indiana, LLC, and against Dr. Mitcheff, Dr. Perez, Nurse Smoothery, Nurse Feider, Nurse Pierce, Nurse McGarr, Nurse Petty, Nurse Forquer, Nurse Gibbens, Superintendent Smith, Commissioner Carter, and Mike Smith in their individual capacities.

Dr. Perez, Nurse Smoothery, Nurse Feider, Nurse Pierce, Nurse McGarr, Nurse Petty, Nurse Forquer, Superintendent Smith, and Commissioner Carter have appeared in this action by counsel and answered the original complaint. They shall have **21 days** from this issuance of this Order to respond to the amended complaint.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Wexford of Indiana, LLC, Dr. Michael Mitcheff, Nurse Jamie Gibbens, and Mike Smith in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [36], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **clerk is directed** to add Wexford of Indiana, LLC, Dr. Michael Mitcheff, Nurse Jamie Gibbens, and Mike Smith as defendants on the docket.

**SO ORDERED.**

Date: 4/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LARRY VICKERY
251617
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Conner Ross Dickerson
INDIANA ATTORNEY GENERAL
conner.dickerson@atg.in.gov

Molly Michelle McCann
INDIANA ATTORNEY GENERAL
molly.mccann@atg.in.gov

DR. MICHAEL MITCHEFF
Medical Staff
Putnamville Correctional Facility
1946 US-40
Greencastle, IN 46135

NURSE JAMIE GIBBENS
Medical Staff
Putnamville Correctional Facility
1946 US-40
Greencastle, IN 46135

Electronic Service to Wexford of Indiana, LLC

Electronic Service to the following IDOC Defendant
    Mike Smith (Putnamville Correctional Facility)

5